[The State ex rel.] Upton, Appellee, v. Industrial Commission
of Ohio, Appellee; Crown Battery, Appellant.

[Cite as *State ex rel. Upton v. Indus. Comm.*,
119 Ohio St.3d 461, 2008-Ohio-4758.]

(No. 2007–1467—Submitted August 26, 2008—Decided September 24, 2008.)

---

**Per Curiam.**

{¶ 1} At issue is appellee Robert W. Upton Jr.'s eligibility for temporary total disability compensation. Upton was a truck driver for appellant, Crown Battery. Between March 5, 2003, and September 26, 2005, Upton was involved in five motor-vehicle accidents while operating a Crown Battery vehicle. The fifth accident seriously damaged the truck, destroyed the cargo, and resulted in a hazardous-waste spill. Upton was cited for that accident, which also resulted in his injury.

{¶ 2} After investigating the incident, Crown Battery concluded—as did law-enforcement officers—that the accident was caused by operator error. On September 30, 2005, Crown Battery fired Upton:

{¶ 3} "On September 26, while driving Crown's vehicle, you hit a guardrail causing significant damage to the truck and an acid spill. Additionally, the product you were carrying was destroyed.

{¶ 4} "Bob, you have had 5 vehicle related mishaps or accidents in less than 3 years. This is an unacceptable safety record and performance; therefore, you are being terminated from Crown Battery."

{¶ 5} Upton filed a workers' compensation claim for the injuries he sustained in the accident, and his claim was allowed. His accompanying request for temporary total disability compensation was more contentious. A district hearing officer for the Industrial Commission of Ohio awarded temporary total disability compensation, but a staff hearing officer reversed. In a lengthy order, the latter

concluded that Upton's firing constituted a voluntary abandonment of the former position of employment that precluded temporary total disability compensation. Further appeal was refused.

{¶ 6} On petition for a writ of mandamus, the Court of Appeals for Franklin County held that the commission had abused its discretion in finding that Upton's firing had been a voluntary abandonment of the former position of employment. Compensation was accordingly approved.

{¶ 7} Crown Battery now appeals to this court as of right.

{¶ 8} The court of appeals decision was issued before *State ex rel. Gross v. Indus. Comm.*, 115 Ohio St.3d 249, 2007-Ohio-4916, 874 N.E.2d 1162 ("*Gross II* "). *Gross II* held that if a claimant is injured by the same misconduct that led to his or her termination, eligibility for temporary total disability compensation is not compromised. *Gross II* controls and renders the court of appeals reasoning moot. Compensation is therefore payable.

{¶ 9} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Gallon, Takacs, Boissoneault & Schaffer Co., L.P.A., and Martha J. Wilson, for appellee.

Eastman & Smith Ltd., James B. Yates, and Mark A. Shaw, for appellant.